UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. SHEARER,<br>　　　　　　Plaintiff,<br>　v.<br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br>　　　　　　Defendant. | Case No. CV 06-1033-JCR<br><br>MEMORANDUM OPINION<br>AND ORDER |

Joseph R. Shearer ("Plaintiff"), seeks review of the decision of Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, denying his application for Disability Insurance Benefits ("DIB"). As discussed below, this Court affirms the decision of Defendant.

**I.　PROCEEDINGS**

On September 20, 2006, Plaintiff filed a Complaint seeking review of Defendant's denial of his application for DIB. On March 23, 2007, Defendant filed the certified Administrative Record ("AR")

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Thus, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart pursuant to Federal Rule of Civil Procedure 25(d)(1).

1

and an Answer. On April 11, 2007, the parties filed a Joint Stipulation ("JS").[2]

Thus, this matter is now ready for decision. As the Court advised the parties in its September 22, 2006, Case Management Order, the decision in this case will be made on the basis of the pleadings, the AR, and the JS filed by the parties. In accordance with Federal Rule of Civil Procedure 12(c), the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

This Memorandum Opinion and Order shall constitute the Court's findings of fact and conclusions of law.

## II. BACKGROUND

On June 15, 2004, Plaintiff filed an application for DIB, alleging disability due to lumbar degenerative disc disease with chronic back pain. (AR at 63-65.) His application was denied initially and on reconsideration. (AR at 36-46.) Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 33-35.) On March 1, 2006, an ALJ held a hearing, where Plaintiff appeared with his attorney and testified on his own behalf. (AR at 181-209.) The ALJ also heard testimony from a vocational expert ("VE"). (AR at 181-209.)

As reflected in his May 12, 2006, hearing decision, the ALJ found, *inter alia*, that Plaintiff's lumbar degenerative disc disease qualified as a "severe" impairment, which prevented Plaintiff from performing his past relevant work as a carpenter. (AR at 25.) However, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a wide range of light work. (AR at 24.) Plaintiff could lift or carry twenty pounds occasionally or ten pounds frequently; sit for two to three hours in an eight hour workday; frequently balance or kneel; occasionally climb, stoop, and crouch; and never crawl. (AR at 24.) The ALJ also determined that Plaintiff had to change positions every thirty minutes and lie down at the lunch hour. (AR at 24.) Accordingly, the VE testified that an individual with these limitations could not perform Plaintiff's past work as a carpenter, but could perform a significant range of other jobs at the light level of exertional activity. (AR at 24.) Based on the RFC determination and the VE's testimony indicating that Plaintiff could perform other work, the

---

[2] Pursuant to U.S.C. § 636(c), the parties have consented to the Magistrate Judge conducting any and all proceedings in the instant matter and ordering the entry of final judgment.

ALJ concluded Plaintiff was not under a period of disability as defined in the Social Security Act at any time through the date of the ALJ's decision. (AR at 26.) Therefore, Plaintiff was not entitled to a period of disability benefits. (AR at 26.)

Plaintiff filed a request for review with the Appeals Council (AR 33-35), and on August 2, 2006, the Appeals Council denied review, thereby making the decision of the ALJ the final decision of Defendant in this matter. (AR at 6-8.)

On September 20, 2006, Plaintiff timely filed the instant action, seeking judicial review of the denial of benefits by Defendant.

### III.  DISPUTED ISSUES

As reflected in the Joint Stipulation, the Disputed Issues are as follows:

1. Whether Plaintiff's residual functional capacity is inconsistent with the ability to perform at least light work;
2. Whether the ALJ inappropriately disregarded Plaintiff's complaints of pain; and
3. Whether the ALJ inappropriately disregarded Plaintiff's testimony concerning his daily activities.

(JS at 4.)

### IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews Defendant's decision to determine whether Defendant's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.

*Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## V. DISCUSSION

### A. Plaintiff's RFC is Consistent with the Ability to Perform at Least Light Work

As best the Court can glean, the gravamen of Plaintiff's contention in Disputed Issue One is that the ALJ improperly determined that Plaintiff has the capacity to perform light work.[3] (JS at 4-5.) In contrast, Defendant argues that the ALJ properly determined Plaintiff had the RFC to perform a wide range of light work based on the restrictions prescribed by Dr. John Shen ("Dr. Shen"), Plaintiff's treating physician, and the state agency reviewing physician. (JS at 5-11.)

RFC is what a claimant can still do despite existing "exertional" (*i.e.* strength-related) and "nonexertional" limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5-6 (9th Cir. 1989); *see also* 20 C.F.R. § 404.1545. A RFC assessment is not a medical opinion. 20 C.F.R. § 404.1527(e)(2) (stating that a residual functional capacity finding is not a medical opinion but an administrative finding that is reserved to the Commissioner). Instead, it is an "administrative finding" reached after consideration of all the relevant evidence, including the diagnoses, treatment, observations by the medical sources and family members, medical records, and the claimant's own subjective symptoms. *See* Social Security Ruling ("SSR") 96-5p;[4] 20 C.F.R § 404.1545(a)(3) (2006); 20 C.F.R. § 404.1527(e)(2).

Here, the ALJ determined Plaintiff had the RFC to perform light work (AR at 25), which requires the ability to lift and carry up to ten pounds frequently and twenty pounds occasionally, and a "good deal of walking or standing." *See* 20 C.F.R. § 404.1567(b). SSR 83-10 clarifies that light work calls for "prolonged standing or walking," which equates to "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *See also Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990) (noting that light work "'requires a good deal of walking or standing'"); *Gallant*, 753 F.2d at

---

[3] In the JS, Plaintiff makes the following statement: "Plaintiff's need to take pain medication daily, Vicodin and Morphine, erode completely the job market testified to by the vocational expert." (JS at 4.) The Court construes Plaintiff's contention as challenging whether the ALJ made a proper RFC determination.

[4] Social Security Rulings are binding on ALJs. *Terry v. Sullivan*, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1454 n.1 (noting that "the full range of light work requires standing or walking for up to two-thirds of the workday").

As an initial matter, the Court finds Defendant is correct to argue that the ALJ's assessment of Plaintiff's RFC is consistent with the state agency reviewing physician's opinion dated July 15, 2004, which found, *inter alia*, that Plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently; and stand and/or walk about six hours in an eight hour workday. (AR at 112-121.)

In addition, the medical records from Dr. Shen, Plaintiff's treating physician from December 2001 to October 2005, also provides substantial supporting evidence for the ALJ's assessment of Plaintiff's RFC. The records indicate that Dr. Shen treated Plaintiff for back and leg pain. (AR at 122-168.) On November 20, 2004, Dr. Shen completed a medical source statement assessing Plaintiff's exertional and nonexertional limitations. (AR at 123-24.) He opined that Plaintiff could lift or carry up to twenty pounds occasionally and ten pounds frequently; stand or walk for approximately six hours in an eight hour workday; sit for two to three hours in an eight hour workday; occasionally climb, stoop, and crouch; and frequently balance or kneel. (AR at 123-24.)

On April 6, 2005, Plaintiff reported pain in his left leg and alleged trouble ambulating short distances. (AR at 149-61.) However, following a physical examination that same day, Dr. Shen observed that Plaintiff was able to walk on his toes and heels normally, do a full squat, and that Plaintiff's reflexes were normal. (AR at 154-55). Dr. Shen also noted some muscle weakness in Plaintiff's left leg, but found that Plaintiff exhibited no sensory disturbance. (AR at 154-55.) Despite these purported normal findings, Dr. Shen opined "at this point this patient's ability to stand and walk with normal breaks is going to be less than 2 hours in an 8 hour workday. . . ." (AR at 155-56.) However, Dr. Shen's reassessment that Plaintiff had the ability to stand and/or walk for less than two hours in an eight hour workday, rather than six hours in an eight hour workday as earlier prescribed appears inconsistent with Dr. Shen's subsequent treatment records and objective medical evidence.

In particular, on May 9, 2005, approximately a month after Plaintiff first complained of leg pain, an electromyogram study confirmed Plaintiff exhibited no signs of lumbar radiculopathy and his lower extremity muscles were normal. (AR at 150.) On this same date, Dr. Shen expressed that Plaintiff was to be considered permanently disabled from his previous occupation as a carpenter, and Plaintiff should

be precluded from climbing or operating heavy duty machinery due to Plaintiff's current medication. (AR at 151.)  Nowhere in the May 9, 2005, treatment record did Dr. Shen go beyond precluding Plaintiff from his previous type of work, nor did he prescribe exertional limitations for Plaintiff that precluded him from standing and/or walking for more than two hours in an eight hour workday.  (*See* AR at 149-52.)

Also, on October 19, 2005, Dr. Shen examined Plaintiff's left knee again, and observed no signs of swelling, erythema, crepitus, edema, or effusion.  (AR at 172.)  Dr. Shen also confirmed that Plaintiff did not exhibit any signs of lumbar radiculopathy and that Plaintiff's knee pain was "better after taking ibuprofen."  (AR at 172.)  Radiographs of Plaintiff's left knee taken on October 19, 2005, also showed "no evidence of significant degenerative joint disease or erosive arthropathy."  (AR at 173.)

A review of Dr. Shen's treatment records from December 2001 to October 2005, and the objective medical evidence during this time indicates that Plaintiff did not suffer any significant limitations due to his alleged knee pain to support Dr. Shen's reassessment of Plaintiff's limitation regarding his ability to stand and/or walk to less than two hours in an eight hour workday.  As such, the Court finds the ALJ properly determined Plaintiff's RFC.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is inadequately supported by clinical findings.); *see also* 20 C.F.R. § 404.1527(d)(2) (The weight given a treating source's opinion depends on whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.).  Also, to the extent that there was a conflict in Dr. Shen's treatment records, it was within the ALJ's province to resolve the conflict adversely to Plaintiff.  *See Andrews*, 53 F.3d at 1039 ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."); *Young v. Heckler*, 803 F.2d 963, 967-68 (9th Cir. 1986) ("In the absence of any conclusive medical evidence on the issue, it is the function of the Secretary to resolve questions of resolutions of conflicts in the evidence."); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.").

Therefore, the Court finds that Plaintiff's RFC is consistent with the ability to perform at least

light work, as found by the ALJ.

### B. The ALJ Made a Proper Credibility Determination

In Disputed Issues Two and Three, Plaintiff essentially challenges the ALJ's credibility determination. In particular, Plaintiff alleges that the ALJ failed to give sufficiently specific reasons for finding Plaintiff's complaints of pain to be not credible. (JS at 11.) Defendant responds by claiming that the ALJ properly determined Plaintiff was not credible, based on the following reasons: (1) Plaintiff received conservative treatment only; (2) Plaintiff's treating physician did not find he was limited to the extent alleged; and (3) the objective medical evidence did not support Plaintiff's alleged limitations. (JS at 12.)

Preliminarily, the Court notes that the ALJ is not required to blindly accept as true every allegation made by a plaintiff. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In fact, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . there must be medical signs and findings . . . which show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A) (2007); *see Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989); *Fair*, 885 F.2d at 600. At the same time, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the pain." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*citing Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)).

If the ALJ finds a plaintiff's testimony as to the severity of the pain and impairments unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *See Bunnell*, 947 F.2d at 345-346. To determine whether a plaintiff's subjective testimony of symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Thomas*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996).  If the ALJ's credibility finding is supported by substantial evidence in the record, this Court may not engage in second-guessing.  *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999).

For the reasons set forth by Defendant at pages 11-13 of the JS, the Court rejects Plaintiff's contention that reversal or remand is warranted based on the ALJ's alleged error in making his credibility determination.  Rather, the Court agrees with Defendant that the ALJ's adverse credibility determination of Plaintiff was proper because the ALJ's reasons were supported by substantial evidence, and were sufficiently specific, clear, and convincing to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.  *See Thomas*, 278 F.3d at 958-59 (The ALJ may properly consider *inter alia* "'testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains'"; and may properly rely on inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, daily activities, and work record); *Morgan*, 169 F.3d at 600 (The ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (the ALJ may properly rely on weak objective support, lack of treatment, and helpful medication to reject a plaintiff's pain testimony); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (the ALJ may properly rely on inconsistencies in the claimant's testimony, and the fact that only conservative treatment had been prescribed to reject claimant's allegations of pain); *see also Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (upholding the ALJ's credibility determination where the claimant had alleged a limitation "disparate from that observed by the consultative examiner"); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

Furthermore, this Court's conclusion in Disputed Issue Two is dispositive of Disputed Issue Three, wherein Plaintiff contends that the ALJ did not properly consider Plaintiff's daily activities.  (*See* AR at 14.)  The Court notes that the ALJ specifically addressed Plaintiff's daily activities, and properly concluded that the medical evidence did not support Plaintiff's allegations that he was limited to the extent alleged.  (AR at 24.)

//

After careful review and consideration of the record, the Court finds the ALJ did not err in determining Plaintiff had the RFC to perform light work. In assessing Plaintiff's RFC, the ALJ considered all the relevant evidence, such as Plaintiff's daily activities, and properly determined Plaintiff was not credible to the extent alleged. Therefore, the ALJ's decision was supported by substantial evidence, and thus, the Court affirms the ALJ's decision.

## VI. ORDER

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed and the matter is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  September 17, 2007

JOHN C. RAYBURN, JR.
UNITED STATES MAGISTRATE JUDGE